SUHRHEINRICH, Circuit Judge,
concurring.
I concur, but write separately to express two concerns. First, the prosecutor’s statement “Did you have a gun somewhere else, did you leave a gun at home that day?” is precisely the type of evidence Rule 404 bars: “Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.” Fed.R.Evid. 404(b) (emphasis added). The potential for prejudicial error is especially high here because the prior bad act-possession of a gun at home-satisfies one of the elements of the crime charged in the indictment.
The indictment alleged simply that Bowman, having previously been convicted of a crime, was in possession of a firearm “[o]n or about February 12, 2002, in the Western District of Tennessee,” but did not otherwise specify the details of that possession. At trial, the government presented evidence only that Bowman possessed a gun while subject to a routine traffic stop. The government did not present evidence Bowman possessed a gun “somewhere else” or “at home.” Thus, the jury in this case could have easily decided that Bowman’s possession of a firearm “somewhere else” or “at home” satisfied the second element of the crime of being a felon-in- *256 possession under 18 U.S.C. § 922(g) as charged in the indictment and convicted him on that basis instead.[1] In short, it is impossible to tell whether the government’s careless cross-examination created a possibility that Bowman has been convicted of a crime not charged in the indictment and proven at trial. Notwithstanding, I feel constrained to concur because Bowman does not meet the standard for reversal under plain error, for the reasons stated in the majority opinion. Cf. United States v. Martin, 399 F.3d 750, 753-54 (6th Cir.2005) (affirming § 922(g) conviction on preserved claim of error where the prosecution also offered the testimony of one officer who testified that he saw the defendant toss the revolver to the side during the chase, and of another officer who testified that he retrieved the revolver, which matched the one observed by the first officer).
Second, while I agree with the majority that the prosecutor’s improper vouching does not require reversal, at the same time I wish to convey my displeasure with the performance of the United States Attorneys and state prosecutors repeatedly making errors of this type. Since they obviously are not learning the difference between proper and improper closing arguments in law school, I request that the Department of Justice and state attorney general’s offices conduct seminars on the topic and provide training to their attorneys. Perhaps then prosecutors will be able to avoid such needless errors in the future.

. The elements of the felon-in-possession charge are "(1) that the defendant had a previous felony conviction, (2) that the defendant possessed a firearm, and (3) that the firearm had traveled in or affected interstate commerce.” United States v. Moreno, 933 F,2d 362, 372 n. 1 (6th Cir.1991) (internal quotation marks and citation omitted).